## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SoClean, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-3422 |
| | ) | |
| v. | ) | Judge: Hon. Sharon Johnson Coleman |
| | ) | |
| RespLabs Medical USA, Inc. | ) | Magistrate: Hon. Maria Valdez |
| | ) | |
| and | ) | |
| | ) | |
| RespLabs Medical, Inc. | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF SOCLEAN INC.'S RESPONSE TO MOTION TO DISMISS

Plaintiff, SoClean, Inc. ("Plaintiff"), hereby responds to Defendants' Motion to Dismiss. For the reasons set forth herein, Plaintiff requests that the Defendants' motion is denied in its entirety.

### I.      Legal Standard

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)); *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016) (quoting *Twombly*, *supra*). A complaint satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) ("[T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a

1

probability as such terms as 'preponderance of the evidence' connote."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject matter of the case to present a story that holds together."). When deciding a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Katz-Crank*, 843 F.3d at 646 (*citing Iqbal*, 556 U.S. at 662, 663); *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## II. Defendants' Motion to Dismiss is Untimely Since They Previously Answered Plaintiff's Complaint

Rule 12(b) motions "must" be made before a responsive pleading is filed. Fed. R. Civ. P. 12(b). *See Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) (explaining that a rule 12(b) motion cannot occur after a responsive pleading is filed). Rule 12(b) "provides that a motion asserting any of those defenses **must be made** before pleading if a responsive pleading is allowed. Fed.R.Civ.P. 12(b)." *Id.* at 905 (emphasis added).

In the case at hand Defendants filed their answer to Plaintiff's complaint on July 20, 2021. [Dkt. No. 9]. After the parties had engaged in their discovery conference and held the initial status conference, Defendants filed a motion to dismiss under Rule 12(b) on September 7, 2021. [Dkt. No. 15]. According to the plain language of the statute, Defendants have untimely filed a motion to dismiss Plaintiff's complaint since they have previously filed an answer. There is no procedural mechanism under Rule 12(b) that Defendants may utilize to now file a motion to dismiss. For this reason, Defendants' motion to dismiss must be denied.

### III.    Defendants Waived Personal Jurisdiction

In the alternative, if the Court, *sua sponte*, recharacterizes Defendants' motion as a motion for judgment on the pleadings, Defendants have waived their defense of lack of personal jurisdiction. The Seventh Circuit has stated that "a defendant may use a rule 12(c) motion after the close of the pleadings to raise various rule 12(b) defenses regarding procedural defects," *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993), but "the treatise cited by the court in making this point explains that Rule 12(c) enables parties to assert only certain procedural defenses after the close of the pleadings, as authorized by Rule 12(h)(2) and (3)." *Mussat v. Enclarity, Inc.*, 362 F.Supp.3d 468, 472 (N.D. Ill. 2019).

As the Court in *Mussat* stated, "according to the plain text of Rule 12(h)(2) and (3), the only 12(b) defenses that may properly be brought after the close of pleadings in a 12(c) motion are 1) failure to state a claim upon which relief can be granted, 2) failure to join a party required by Rule 19(b), and 3) lack of subject matter jurisdiction." *Id*. "Thus, asserting a personal jurisdiction defense in a Rule 12(c) motion is improper." *Id*. "Accordingly, [Defendant] Enclarity can neither make a timely Rule 12(b)(2) motion, nor bypass the 12(b) timing requirements by invoking Rule 12(c)." *Id*. at 472-473. *See also*, *Quinn v. Specialized Loan Servicing, LLC*, 414 F.Supp.3d 1122, 1124 (N.D. Ill. 2019) ("The failure to raise an available objection to personal jurisdiction in a pre-answer Rule 12 motion waives that objection").

In the current case Defendants filed a motion to dismiss that alleges that this Court lacks personal jurisdiction over the Defendants. However, Defendants filed an answer to Plaintiff's complaint on July 20, 2021 [Dkt. No. 9]. Defendants have therefore waived personal jurisdiction. As established by this Court, asserting a personal jurisdiction defense in a Rule 12(c) motion is improper and Defendants can neither make an untimely Rule 12(b)(2) motion, nor bypass the

12(b) timing requirements by invoking Rule 12(c). Because Defendants failed to object to personal jurisdiction in a pre-answer Rule 12 motion, it has waived that objection. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction should be denied.

## IV. Defendants are Subject to the Personal Jurisdiction of this Court

If the Court determines that the Defendants have not waived personal jurisdiction, evidence establishes that the Defendants are subject to the personal jurisdiction of this Court. A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). The plaintiff bears the burden of establishing personal jurisdiction where personal jurisdiction is raised on a motion to dismiss. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). When the Court rules on the motion without a hearing, the plaintiff must make prima facie showing of jurisdictional facts. *Id*. Jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by affidavits or exhibits. *See Purdue Research Found, v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If there is a factual conflict between the record and defendant's averments, courts resolve the conflict in plaintiff's favor. *See Curry*, 949 F.3d at 393.

For cases involving claims of trademark infringement, Courts look to Illinois's long-arm statute to determine whether a defendant is subject to personal jurisdiction in Illinois. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The long-arm statute allows for the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILCS 5/2-209(c); *Tamburo*, 601 F.3d at 700. The Court may exercise personal jurisdiction over a defendant where the defendant has "sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'"

4

*Tamburo*, 601 F.3d at 700–01 (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Under specific personal jurisdiction "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Tamburo*, 601 F.3d at 702. Thus, there is specific jurisdiction where "(1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id*.

In Defendants' motion to dismiss, Defendants fail to present any evidence or declarations establishing a lack of personal jurisdiction. Defendants ask this Court to dismiss the complaint for lack of personal jurisdiction solely on legal argument. Without any evidence to the contrary, Plaintiff's jurisdictional allegations are accepted as true. *See Purdue Research Found, supra.* Plaintiff has alleged that this Court has personal jurisdiction over the Defendants because they transact business in the State of Illinois and the Northern District of Illinois. Complaint at ¶ 5 [Dkt. No. 1]. Plaintiff has further alleged that Defendants directly target their business activities towards consumers in the State of Illinois. Complaint at ¶ 6 [Dkt. No. 1]. Plaintiff has alleged that Defendants have infringed Plaintiff's trade dress registrations by selling, and offering for sale, counterfeit products within the State of Illinois. Complaint at ¶¶ 5, 6, 34, 35 [Dkt. No. 1]. *See Monster Energy Co. v. Wensheng*, 136 F.Supp.3d 897, 904 (N.D. Ill. 2015) ("[A]n offer to sell an infringing or counterfeit item, even without any other activity, establishes liability for trademark infringement and counterfeiting.")(citations omitted). Therefore, Plaintiff has properly pled that this Court has personal jurisdiction over the Defendants.

Additionally, the evidence before the Court is that Defendants are subject to the personal jurisdiction of this Court in that they have sold or offered to sell products infringing Plaintiff's

trade dress registrations to consumers in the State of Illinois. Plaintiff alleged that "Defendant RepLabs Medical USA, Inc. is a Washington corporation having a principal place of business located at 3851 Sound Way, Bellingham, Washington 98226." Complaint ¶ 2. [Dkt. No. 1]. Defendants admitted this allegation in their answer. [Dkt. No. 9]. Apparently, Defendants own and utilize the websites www.cpapplus.com and www.cpapwholesale.com. See Exhibit 1 and Exhibit 4 to Declaration of Kevin Keener. These websites show the same address that Defendants admitted were their principal place of business. *Id*. Cpapplus appears to be a store on ebay.com. See Exhibit 2 to Declaration of Kevin Keener. Cpapplus is offering a filter cartridge that infringes Plaintiff's trade dress on ebay.com that is being offered to ship to Chicago. See Exhibit 3 to Declaration of Kevin Keener. On www.cpapwholesale.com, a product that infringes Plaintiff's trade dress is being offered for sale and shipment to Chicago. See Exhibit 5 to Declaration of Kevin Keener. Through at least these websites, Defendants are specifically targeting their infringing actions to the State of Illinois and subjecting themselves to this Court's jurisdiction. Thus, the factual evidence before the Court establishes that Defendants are subject to the personal jurisdiction of this Court. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction should be denied in its entirety.

### V.     Plaintiff Has Properly Pled a Claim of Copyright Infringement

If the Court determines that the Defendants have timely filed a motion to dismiss, Defendants' motion to dismiss Plaintiff's claim for copyright infringement should be denied substantively. In order to state a claim for copyright infringement, a plaintiff must plausibly allege that: (1) the plaintiff owns a valid copyright; and (2) the defendant copied "constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). To receive a copyright, a work must be

6

original. *Id*. "A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the validity of a copyright." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc*., 18 F.3d 502, 507 (7th Cir.1994) (citing 17 U.S.C. § 410(c)).

The act of "copying," however, refers more broadly to infringing upon any one of a copyright owner's exclusive rights as listed in the Copyright Act: namely, reproduction, preparation of derivative works, distribution, public performance, public display, and for sound recordings, public performance by digital audio transmission. 17 U.S.C. § 106; *see Chi. Bldg. Design, P.C. v. Mongolian House, Inc*., 770 F.3d 610, 613, 617 (7th Cir. 2014).

"Direct evidence of copying is often unavailable, but copying may be inferred where 'the defendant had the opportunity to copy the original (often called 'access') and ... the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original.'" *Pers. Keepsakes, Inc. v. Personalizationmall.Com, Inc*., 975 F.Supp.2d 920, 926 (N.D. Ill. 2013) (citations omitted).

In the current case, Plaintiff has properly plead a claim of copyright infringement under Count I. First, Plaintiff has established a *prima facie* case that it owns a valid copyright. Plaintiff alleged in the Complaint that it created a series of marketing photographs that are registered under U.S. Copyright Registration No. VA-2-242-735. Complaint at ¶¶ 19-20; Exhibit 3 to Complaint [Dkt. Nos. 1, 1-3]. Thus, Plaintiff has established that it owns a valid copyright. Secondly, Plaintiff has properly pled that Defendants infringed Plaintiff's exclusive rights set forth in the Copyright Act. Plaintiff alleged Defendants have infringed Plaintiff's copyright in its Marketing Photographs by using substantially similar images in Defendants' advertisements of Infringing Products on Amazon.com. Complaint at ¶ 31 [Dkt. No. 1]. Plaintiff also alleged that Defendants have infringed Plaintiff's copyright in its Marketing Photographs by using

substantially similar images in Defendants' advertisements of its website www.resplabs.com. Complaint at ¶ 31 [Dkt. No. 1]. Therefore, Plaintiff has properly pled a claim of copyright infringement.

Defendants assert that Plaintiff's claim for copyright infringement should be dismissed because Plaintiff did not provide an image of the materials protected by Plaintiff's copyright registration. However, such lengths are not necessary at the pleading stage. *See, Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993) ("[C]laims for copyright infringement must satisfy the pleading requirements under Rule 8 and need not be pleaded with heightened specificity."). Further, Defendants assert that the copyright claim should be dismissed because Plaintiff alleges that Defendants merely created substantially similar images. However, Defendants fail to acknowledge that such "substantial similarity" allows for an inference of copying of a protected work. Defendants' arguments are futile. Plaintiff has properly pled a claim of copyright infringement. Therefore, Defendants' motion to dismiss Plaintiff's claim of copyright infringement should be denied in its entirety.

## VI.    Conclusion

For the reasons set forth herein, Defendants' motion to dismiss should be denied in its entirety.

Respectfully Submitted,

Dated: October 5, 2021

By: _____/s/  Kevin Keener_____
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 375-1573
kevin.keener@keenerlegal.com
Attorney for Plaintiff

8

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I filed a copy of the foregoing document by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered users.

By:      /s/ Kevin Keener

Kevin J. Keener
ARDC #6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 523-2164
kevin.keener@keenerlegal.com