**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ─────────────────────── ) | | |
| SoClean, Inc. ) | | |
| ) | | |
| Plaintiff, ) | Case No.: 21-cv-3422 | |
| ) | | |
| v. ) | Judge: Hon. Sharon Johnson Coleman | |
| ) | | |
| RespLabs Medical USA, Inc. ) | Magistrate: Hon. Maria Valdez | |
| ) | | |
| and ) | | |
| ) | | |
| RespLabs Medical, Inc. ) | JURY DEMAND | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| ─────────────────────── ) | | |

## PLAINTIFF SOCLEAN INC.'S MOTION TO COMPEL DEFENDANTS' RULE 26(a)

## INITIAL DISCLOSURES AND SANCTIONS UNDER RULE 37(c)(1)

Plaintiff, SoClean, Inc. ("Plaintiff"), hereby files this motion for an order from the court ordering Defendants to produce the initial disclosures required by Federal Rules of Civil Procedure Rule 26(a) and for appropriate sanctions as set forth in Rule 37(a)(1). As set forth herein, Plaintiff respectfully requests that the Court grant Plaintiff's motion in its entirety.

**I.      Relevant Facts**

Discovery has just opened in this proceeding and it is with great reluctance that Plaintiff brings forth this motion. The fact that Plaintiff must file a motion to compel so soon into the discovery process does not bode well for the ability of the parties to engage meaningfully and in good faith through the discovery process. As of the date of filing this motion Defendants have failed to provide initial disclosures as required under Rule 26(a). For this reason, Plaintiff files

this motion for an order compelling Defendants to provide initial disclosures and appropriate sanctions set forth in Rule 37(c)(1).

The parties in this action jointly prepared and filed the Joint Initial Status Report that was filed with the Court on August 17, 2021. [Dkt. No. 10]; Declaration of Kevin Keener. The parties agreed upon a case schedule and submitted a proposed discovery schedule to the Court requiring that the parties serve initial disclosures on September 10, 2021. Id. The Court adopted this schedule and issued an order requiring the parties to exchange initial disclosures on September 10, 2021. [Dkt. No. 12]. Plaintiff submitted its initial disclosures to Defendants on September 10, 2021. Declaration of Kevin Keener; Exhibit 1 to Declaration of Kevin Keener. Defendants did not produce initial disclosures to Plaintiff on the required date.

Plaintiff attempted in good faith to meet and confer with Defendants in attempt to resolve this issue but has been unsuccessful. Declaration of Kevin Keener. First, counsel for Plaintiff sent an email to counsel for Defendants on September 23, 2021, requesting that Defendants provide initial disclosures. Declaration of Kevin Keener; Exhibit 2 to Declaration of Kevin Keener. Counsel did not receive a response to this email. Declaration of Kevin Keener. On Thursday September 30, 2021, counsel for Plaintiff attempted to call counsel for Defendants regarding this issue but was initially unsuccessful at reaching counsel for Defendants. Declaration of Kevin Keener. Counsel for Plaintiff followed up these phone calls with an email requesting that counsel for Defendants contact counsel for Plaintiff. Declaration of Kevin Keener; Exhibit 3 to Declaration of Kevin Keener. Shortly after sending this email counsel for Defendants called and spoke with counsel for Plaintiff regarding this issue. Declaration of Kevin Keener. Counsel for Defendants asserted that he would work to provide the required initial disclosures to Plaintiff. Declaration of Kevin Keener. Counsel for Plaintiff informed counsel for

2

Defendant that Plaintiff would proceed with filing its motion to compel if initial disclosures were not produced by October 4, 2021. Declaration of Kevin Keener; Exhibit 4 to Declaration of Kevin Keener. On October 5, 2021 counsel for Plaintiff called the cell phone to counsel for Defendants but there was no answer and counsel's mailbox was full so counsel for Plaintiff was unable to leave a message. Declaration of Kevin Keener. Shortly after this call counsel for Defendants sent a text message to counsel for Plaintiff inquiring about the issue of the call. Declaration of Kevin Keener. Counsel for Plaintiff replied by text that he was attempting to meet and confer one last time in the hope that Defendants could immediately provide the required initial disclosures and negate the requirement that Plaintiff file the instant motion. Declaration of Kevin Keener. Counsel for Plaintiff received no reply to this text message. Declaration of Kevin Keener.

## II.    Argument

Federal Rule of Civil Procedure 26(a) requires a party to disclose certain information to other parties at the beginning of a lawsuit "without awaiting a discovery request." Fed. R. Civ. P. 26(a). This includes "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and "a copy— or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" See Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). A party is required to "make its initial disclosures based on the information then reasonably available to it," and "is not excused from making its disclosures because it has not fully investigated the case[.]" Fed. R. Civ. P. 26(a)(1)(E).

Rule 37(c)(1) provides that where a party fails to provide information about a witness as required by Rule 26, courts should exclude that information and witness from consideration "unless the failure was substantially justified or is harmless." *Uncommon, LLC v. Spigen, Inc.*, 305 F.Supp.3d 825,848 (N.D. Ill. 2018). Whether a failure to comply with Rule 26(a) may be excused under Rule 37 is "left to the broad discretion of the district court," *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011), which may tailor any sanctions to the omission, *see Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998). When applying Rule 37, courts consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In the instant case the parties were required to provide initial disclosures on September 10, 2021. Plaintiff provided its initial disclosures to Defendants but Defendants have not provided any initial disclosures to Plaintiff. Defendants' failure to provide initial disclosures will prejudice Plaintiff. Plaintiff does not know the individuals that Defendants may utilize to defend against the merits of Plaintiff's claims. Without this information Plaintiff will not be able to depose or seek evidence from these individuals. Thus, Plaintiff will be prejudiced if Defendants present testimony or evidence from individuals not disclosed to Plaintiff. Furthermore, it can only be assumed that Defendants are acting in bad faith and willfully by not providing the required initial disclosures. The initial disclosure requirements of Rule 26(a) are mandatory and "without awaiting a discovery request." Furthermore, failure to make these mandatory disclosures "is not excused from making its disclosures because it has not fully investigated the case[.]" Fed. R. Civ. P. 26(a)(1)(E). Given that Defendants have failed to provide these required

initial disclosures, which are not excused for failure of incomplete information, one can only assume that Defendants' failure is willful and in bad faith.

Admittedly, given that the parties have only now entered into discovery and there is still time for Defendants to cure this prejudice, Plaintiff asks this court for a specifically tailored order granting this motion. Plaintiff asks this Court to grant Plaintiff's motion to compel and issue an order requiring that Defendants provide their complete initial disclosures in full by no later than November 1, 2021. Furthermore, Plaintiff requests an order from the Court for sanctions prohibiting Defendants from supplementing their initial disclosures and prohibiting Defendants from relying on any witnesses not disclosed their initial disclosures. Plaintiff believes that such an order strikes the correct balance and is reasonable in this situation.

### III.    Conclusion

For the reasons set forth herein, Plaintiff hereby requests that Plaintiff's motion to compel Defendants' Rule 26(a) disclosures and for appropriate sanctions under Rule 37(c)(1) be granted in its entirety.

Respectfully Submitted,

Dated: October 5, 2021

By: _____/s/   Kevin Keener_____
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 375-1573
kevin.keener@keenerlegal.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I filed a copy of the foregoing document by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered users.

By:    /s/ Kevin Keener

Kevin J. Keener
ARDC #6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 523-2164
kevin.keener@keenerlegal.com