UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOCLEAN, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-003422 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| RESPLABS MEDICAL USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff SoClean, Inc. ("SoClean") brings this action against defendants RespLabs Medical USA, Inc. and RespLabs Medical, Inc. (collectively "RespLabs"), alleging copyright infringement, trademark infringement, and other related claims. Before the Court is RespLabs' motion to dismiss the complaint [15] under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the following reasons, the Court denies the motion.

**Background**

SoClean is a Delaware corporation that maintains its principal place of business in New Hampshire. SoClean manufactures, distributes, and retails sleep maintenance equipment, primarily CPAP disinfecting units, which include trademarked and copyright-protected filter cartridges. RespLabs Medical USA, Inc. is incorporated in and has its principal place of business in Washington state. RespLabs Medical, Inc. is a Canadian corporation and has its principal place of business in British Columbia, Canada.

On June 25, 2021, SoClean filed a complaint against defendants alleging that RespLabs infringed its copyright by using images that were substantially similar to its own marketing photos to sell filter cartridges that infringed upon its trademark. SoClean contends that RespLabs offered these products for sale on defendants' own website, resplabs.com, as well as third-party retailers

such as Amazon and eBay. In support of its motion, SoClean attaches exhibits of defendants' Amazon and eBay online stores, which show an option to ship the products to Illinois.

**Legal Standard**

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Lab'ys, LLC,* 949 F.3d 385, 392 (7th Cir. 2020). Although the plaintiff bears the burden of establishing personal jurisdiction, when ruling on a Rule 12(b)(2) motion to dismiss based on the submission of written materials, a plaintiff need only make a prima facie showing of personal jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Curry*, 949 F.3d at 393 (citation omitted).

**Discussion**

First, SoClean contends that RespLabs' motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is untimely. RespLabs answered the complaint on July 20, 2021, at which time defendants stated, "defendants have not engaged in any activities that would subject them to the jurisdiction of the court." (Dkt. 9, ¶ 5.) Less than two months later, RespLabs filed a motion to dismiss for lack of personal jurisdiction. Defendants' failure to move for dismissal prior to filing a responsive pleading, SoClean argues, precludes the Court from considering the motion.

Under Rule 12, a Rule 12(b) defense "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Rule 12(h)(1), however, states that a party does not waive a defense to personal jurisdiction when it raises the defense in a responsive pleading. As other courts in this District have identified, this creates a paradox in which a party may retain a personal jurisdiction defense without means to assert it. *See Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 886 (N.D. Ill. 2020) (Wood, J.); *Rebel Hosp. LLC v. Rebel Hosp. LLC*, No. 21 C 5132,

2

2022 WL 797035, at *2 n.1 (N.D. Ill. March 16, 2022) (Guzmán, J.). To resolve this paradox, "where a defendant has asserted a personal-jurisdiction defense in its answer and subsequently seeks dismissal on that basis, the Court must be able to decide such a motion under the Rule 12(b)(2) standard of review." *Mold-A-Rama Inc.*, 451 F. Supp. 3d at 887. The Court therefore treats the motion to dismiss for lack of personal jurisdiction as timely and analyzes it under Rule 12(b)(2).

The same cannot be said for RespLabs' motion to dismiss Count I of the complaint under Rule 12(b)(6). In reply, RespLabs does not respond to SoClean's argument that the motion to dismiss for failure to state a claim is untimely. While RespLabs does not concede the issue by their failure to respond, "[i]n an adversary system, in which by its nature judges are heavily dependent on the lawyers to establish the facts upon which decision will be based, the failure to reply to an adversary's point can have serious consequences." *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 596 (7th Cir. 2017) (quoting *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994)). The Court is not in possession of any reason why it should excuse RespLabs' delay and failure to raise the argument at an earlier stage in the litigation and therefore the denies the motion to dismiss Count I of the complaint.

Next, SoClean maintains that RespLabs waived the personal jurisdiction defense for the same reasons provided in its timeliness argument. SoClean conflates the concepts of waiver and timeliness. Timing is just one component of the waiver analysis. *See Mold-A-Rama Inc.*, 451 F. Supp. 3d at 887–88. Rather, to waive a personal jurisdiction defense, the "defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologist Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (internal citation omitted). Because RespLabs asserted a personal jurisdiction defense in the

3

answer and filed the motion to dismiss without substantial prior involvement in the litigation, RespLabs did not waive the defense.

The Court therefore turns to the merits of the motion. Specific personal jurisdiction exists where (1) the defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp & Placement*, 326 U.S. 310, 31, 66 S. Ct. 154, 90 L. Ed. 95 (1945). First, SoClean contends that the Court can exercise personal jurisdiction over defendants because RespLabs sold the allegedly counterfeit products in Illinois. The complaint, however, does not support this conclusion. SoClean pleaded that RespLabs "sold Infringing Products using the [plaintiff's] Trade Dress," and separately that RespLabs "transact business in the State of Illinois." (Dkt. 1, ¶¶ 5, 34.) The complaint fails to thread the needle that the product at issue was itself sold by defendants in Illinois. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state."). Plaintiff's divergent characterization of the complaint in its response does not resolve this deficiency as "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (citation omitted).

The only question that remains is whether RespLabs' online offers to sell and ship the product to Illinois are alone sufficient to establish specific personal jurisdiction. Maintaining an interactive website accessible in the forum state alone does not establish purposeful availment. *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010); *see also Advanced Tactical Ordnance Sys.*, 751 F.3d at 796 ("Having an interactive website… should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."). The defendant

4

must take additional steps to purposely target the forum state. *Curry*, 949 F.3d at 399. Courts in this District differ as to whether a defendant targets the forum by offering to sell a product in Illinois. *Compare Rubik's Brand, Ltd. v. Partnerships & Unincorporated Assocs. Identified on Schedule A*, No. 20-cv-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (Tharp, J.) ("[D]isplaying products that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. This alone cannot confer personal jurisdiction."), with *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 904 (N.D. Ill. 2015) (Lefkow, J.) ("[D]efendants' offers to sell counterfeit Monster Energy Products on their Internet stores constitute tortious activity committed in Illinois sufficient to establish personal jurisdiction over both defendants in this court.").

The Court agrees with the reasoning in *Monster Energy*. By offering to sell the alleged infringing product in Illinois, RespLabs expressly elected to do business with Illinois residents. *Curry*, 949 F.3d 385 ("There is no per se requirement that the defendant especially the forum in its business activity; it is sufficient that the defendant reasonably could foresee that its product would be sold in the forum."); *see also Tommy Hilfiger Licensing LLC, et al. v. e P'ships, et al.*, No. 20 C 7477 (N.D. Ill. Mar. 24, 2021) (Kennelly, J.) (Dkt. 46) ("[Plaintiff] has offered evidence tending to show that [defendant]… operated an interactive website through which it purposefully offered products for sale to consumers, including consumers located in Illinois… This is enough to amount to [defendant] having purposeful availed itself of doing business in Illinois."). Therefore, the Court may exercise personal jurisdiction over the defendants.

**Conclusion**

For the foregoing reasons, the Court denies defendants motion to dismiss [15].

IT IS SO ORDERED.

Date: 7/19/2022   Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge