UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOCLEAN, INC. ) | |
| ) | Case No. 21-cv-03422 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| RESPLABS MEDICAL USA, INC., et al., ) | |
| ) | |
| ) | |
| Defendants, ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff SoClean, Inc. ("SoClean") brings this action against Defendants RespLabs Medical USA, Inc. and RespLabs Medical, Inc. (collectively "RespLabs"), alleging copyright infringement, trademark infringement, and other related claims. Before the Court is SoClean's motion for summary judgment under Federal Rule of Civil Procedure Rule 56. For the following reasons, the Court denies the motion. [38].

**Initial Matters**

As an initial matter, the Court reviews the Parties' statements for compliance with Local Rule 56.1, which "aims to make summary-judgment decisionmaking manageable for courts." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019). "Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." Local Rule 56.1(e)(3) (N.D. Ill.); *see Edwards v. Maestro Food Co.*, No. 19 CV 8451, 2021 WL 4258976, at *1 (N.D. Ill. June 3, 2021) (Shah, J.).

Here, RespLabs failed to submit a response to SoClean's statement of material facts as required by Local Rule 56.1(b)(3). Accordingly, the Court deems SoClean's facts admitted. *See Coleman v. Goodwill Indus. of Se. Wisconsin, Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) (affirming district court in

1

admitting defendant's statement of facts where plaintiff failed to submit a paragraph-by-paragraph response to defendant's proposed facts with citations to the record). Notwithstanding these admissions, the Court construes RespLabs' submissions, and the record evidence, in the light most favorable to RespLabs.

**Background**

SoClean is a company that manufactures and sells automated Continuous Positive Airway Pressure ("CPAP") cleaning machines. Consumers use these machines to clean CPAP masks and hoses to keep them hygienic and functioning properly. These machines utilize filter cartridges internally in the machine's cleaning chamber. SoClean sells its filter cartridges to consumers through its website and Amazon.com.

SoClean has federal registrations that protect the trade dress of its filter cartridges: (1) U.S. Trademark Registration No. 6,080,195; and (2) U.S. Trademark Registration No. 6,286,680 ("Trade Dress"). SoClean also has a registered copyright for marketing images of its filter cartridges under VA 2-242-735. This registration includes a photograph entitled "SoClean2 Image 5."

SoClean alleges that RespLabs markets and sells filter cartridges specifically designed for use in SoClean's machines in the United States. SoClean alleges that RespLabs sold counterfeit filter cartridges marketed specifically for use with SoClean machines through several mediums, including the website "cpapplus.com" and the Ebay.com under the name "cpapplus."

RespLabs alleges that the filter cartridges that they market could be used in SoClean's machines, but are not specifically designed for their machines. RespLabs sells filter cartridges that compete with SoClean's products through Amazon.com. RespLabs asserts that it uses only resplabs.com and Amazon.com to sell its competing products. Cpapplus.com is owned and operated by RespLabs. The address listed on cpapplus.com is the same as RespLabs' admitted business address.

Cpaphero.com is also owned and operated by RespLabs and CPAPHERO is a registered trademark of RespLabs. SoClean alleges that RespLabs marketed a CPAPhero catalog and the website www.cpaphero.com to offer infringing filter cartridges for sale. SoClean further alleges that RespLabs uses website cpapwholesale.com to sell filter cartridges that are identical to SoClean's filter cartridges. The contact information listed on cpapwholesale.com is the same address as RespLabs' admitted business address. The email contact on cpapwholesale.com is "info@cpapplus.com," a website owned by RespLabs.

SoClean alleges that RespLabs has utilized cpapwholesale.com to sell counterfeit filter cartridges in Illinois. SoClean alleges that RespLabs posted a copy of SoClean's copyrighted image on cpapwholesale.com. RespLabs alleged that a third party, CPAP Supplies Plus/Direct, Inc., was the owner/operator of the website until December 31, 2020. The record contains a draft purchase agreement between CPAP Supplies Plus/Direct, Inc. and RespLabs.

SoClean alleges that RespLabs primarily used Amazon.com to infringe SoClean's Trade Dress. In July 2020, RespLabs had a listing on Amazon for filter cartridges that were specifically intended to be utilized in SoClean's machines, indicating that the filter cartridges were "compatible with the SoClean 2." SoClean purchased filter cartridges from RespLabs that were identical to SoClean's filter cartridges. *See* Dkt. 41 at ¶ 18.

SoClean alleges that RespLabs utilized images of filter cartridges that are confusingly similar to SoClean's Trade Dress on its product packaging. SoClean has never given RespLabs authorization to utilize its Trade Dress.

**Legal Standard**

Summary judgment is proper when "the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017), *reh'g denied* (Mar. 27, 2017) (quoting

3

*Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 56(a). In deciding whether summary judgment is appropriate, this Court accepts the nonmoving party's evidence as true and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

**Discussion**

SoClean makes three arguments in support of its motion for summary judgment. First, SoClean claims that RespLabs has infringed SoClean's registered copyright in violation of the Copyright Act. 17 U.S.C. § 501. Second, SoClean asserts that RespLabs is liable to SoClean for trademark infringement in violation of the Latham Act. 15 U.S.C. § 1114(1). Finally, SoClean requests statutory damages and permanent injunctive relief against RespLabs.

    A. <u>Copyright Infringement</u>

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Copying may be inferred where the "defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Incredible Techs., Inc. v. Virtual Techs.*, Inc., 400 F.3d 1007, 1011 (7th Cir. 2005) (citations omitted). The test for substantial similarity contians two parts: (1) whether the defendant copied from the plaintiffs work; and (2) whether the "copying, if proven, went so far as to constitute an improper appropriation." *Id.* The Seventh Circuit applies the "ordinary observer" test to the second part: "whether the accused work is so similar to the plaintiffs work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Id.*

SoClean argues that RespLabs utilized cpapwholesale.com to infringe SoClean's copyrighted image: "SoClean2 Image 5." By comparing SoClean's copyrighted image to RespLabs' image,

4

SoClean argues it is clear that the works are so similar that an ordinary person would conclude that RespLabs unlawfully appropriated SoClean's image under the "ordinary observer" test. RespLabs alleges that a third party, CPAP Supplies Plus/Direct, Inc., was the owner/operator of the website until December 31, 2020, and not RespLabs. Thus, any infringement was not on the part of RespLabs as it occurred prior to their acquisition of the website. Furthermore, RespLabs argues that all subsequent images on the website were images taken and/or created by RespLabs, not Plaintiff's images nor images of Plaintiff's products, and thus not infringing of Plaintiff's copyright.

The Court notes that both parties' briefs were quite conclusory, devoting very little attention—often less than one page—to the copyright infringement issue. Indeed, while the Plaintiff cited the general legal standard for copyright infringement cases, neither party cited any case law in support of their respective positions. The Court expects more from members of the bar of this Court. Because Plaintiff has failed to develop this argument, this Court finds that the argument has been waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are conclusory, underdeveloped, and unsupported by law are waived.).

Even if Plaintiff did not waive his argument, summary judgement on the copyright claim would still fail. SoClean argues that RespLabs infringed SoClean's copyrighted image "SoClean2 Image 5" in June 2019 using the cpapwholesale.com website. The record contains a draft purchase agreement between CPAP Supplies Plus/Direct, Inc. and RespLabs. This indicated that a third CPAP Supplies Plus/Direct, Inc. may have been the owner/operator of the website until December 31, 2020. Thus, a disputed fact exists as to whether RespLabs was responsible for copyright infringement in 2019. SoClean next argues that this evidence does not negate the fact that RespLabs infringes SoClean's copyright as there is evidence that RespLabs used a substantially similar image on August 21, 2021. At oral argument, Plaintiff asserted that this Court should be able to conclude that RespLabs infringed on SoClean's copyrighted image by simply looking at the images side-by-

5

side. This Court disagrees. While an ordinary observer and reasonable jury could conclude that the side-by-side images are substantially similar, they could also reach the opposite conclusions. *See Bryant v. Gordon*, 483 F. Supp. 2d 605, 618 (N.D. Ill. 2007) (Kennelly, J.) (denying summary judgment on copyright infringement where both photos were of the same subject matter and were taken from the same angle, perspective, and with the same scene and terrain.). Accordingly, the Court denies summary judgment as to the copyright infringement claim.

    B. <u>Trademark Infringement</u>

A trademark infringement claim under the Lanham Act has two requirements. *See* 15 U.S.C. § 1125(a). First, the plaintiff must show "that its mark is protected under the Lanham Act." *Barbecue Marx, Inc. v. 551 Ogden, Inc.,* 235 F.3d 1041, 1043 (7th Cir. 2000). Second, the plaintiff must show "that the challenged mark is likely to cause confusion among consumers." *Id.* But a court will not reach the second element at all "until persuaded that the putative mark is sufficiently distinctive to warrant prima facie protection as a trademark." *Spraying Sys. Co. v. Delavan, Inc.,* 975 F.2d 387, 392 (7th Cir. 1992).

SoClean argues that RespLabs' products and marketing images are spurious marks that are identical with, or substantially indistinguishable from SoClean's registered trade dress, therefore making RespLabs' images counterfeit under 15 U.S.C. § 1127. SoClean further notes that the Seventh Circuit has held where "one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion." *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, No. 16-CV-05314, 2016 WL 6092636, at *7 (N.D. Ill. Oct. 19, 2016) (Dow Jr., J.) (citing *Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th

6

Cir. 2007)). Accordingly, SoClean concludes that the Court can presume a likelihood of confusion from RespLabs' use of SoClean's Trade Dress.

This Court disagrees. SoClean advances no case law supporting the proposition that a product itself, here RespLab's filters, can constitute a spurious mark for the purposes of establishing a counterfeit. This conclusory assertion continues the trend of underdeveloping arguments in this matter. Additionally, the Seventh Circuit has previously identified a seven-factor test used to determine whether consumers are likely to be confused. *See AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). Even assuming a presumption of confusion was appropriate, courts have still required parties to apply this seven-factor test, which SoClean has failed to do. *See Ent. One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 950 (N.D. Ill. 2019) (Leinenweber, J.) (applying the seven-factor test even after presuming a likelihood of confusion for a counterfeit product.).

Further, SoClean has presented evidence that raises a dispute of a material fact as to whether consumers were confused. The record contains comments from consumers who purchased RespLabs' filters. *See* Dkt. 41, Exhibit 9. SoClean highlights the following comment to demonstrate that consumers left awful reviews of the RespLabs filter cartridges that impacted SoClean:

> "**CAUTION!!** I'D GIVE ZERO STARS IF I COULD…I called SoClean and was informed that several customers have contacted them to order the authentic manufacturer filters after having incidents with these aftermarket, cheaper filters being defective…Save yourself the aggravation and buy authentic filters through SoClean. I won't make this mistake twice."

*Id.* While this comment demonstrates displeasure from RespLabs' filter, it does not show that the consumer was confused about whether he was purchasing a SoClean filter. Further comments illustrate that consumers were well aware of the fact that they were purchasing RespLab's filters rather than SoClean filters because of the cost. One consumer commented, "This appears identical to the SoClean brand filter kit. Everything fit perfectly. Cheaper!" Another consumer commented, "Saved me $10 over the manufactures filter. Love it to death." Finally, another commented, "Half

7

the price of the originals, bought after I'd already bought an original, just my luck. I will be buying these from now on." Viewing the record evidence in the light most favorable to the RespLabs, the Court can find that these comments show that there are disputed facts as to whether consumers were confused by RespLabs' marketing. Thus, summary judgment is denied as to SoClean's trademark infringement claim.

    C. Damages and Injunctive Relief

Because the Court denies summary judgment as to both claims, it need not analyze SoClean's claim for statutory damages. Further, SoClean's underdeveloped, single-sentence request for permanent injunction against RespLabs fails to meet its burden and amounts to a waiver of this argument. *See Puffer*, 675 F.3d at 718.

**Conclusion**

For these reasons, this Court denies SoClean's motion for summary judgment.

IT IS SO ORDERED.

Date: 2/19/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge